UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| GARY HUGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ASI FOOD SAFETY CONSULTANTS, | ) | |
| INC. a Missouri corporation, | ) | Case No: |
| | ) | |
| **Serve at**: | ) | |
| Thomas Huge, Registered Agent | ) | |
| 7625 Page Boulevard, | ) | |
| St. Louis, Missouri 63133 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CMT WILLIAMS, LLC, a Missouri | ) | |
| Limited liability company | ) | |
| | ) | |
| **Serve at**: | ) | |
| Charray Williams, Registered Agent | ) | |
| 10140 Pinehurst | ) | |
| St. Louis, Missouri 63114 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes Now, Gary Huge ("Plaintiff") by and through his undersigned counsel, and

for his Complaint against ASI Food Safety Consultants, Inc.("ASI") and CMT Williams,

LLC ("CMT") (collectively "Defendants"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, born March 24, 1956, is a resident of Missouri and resides at 233

Sugar Creek Ridge, Kirkwood, Missouri 63122.

2.      ASI Food Safety, Inc. ("ASI") is a Missouri corporation with its principal place of business located at 7625 Page Boulevard, St. Louis, Missouri 63133.  ASI has approximately 20 employees.  At all relevant times herein, ASI was Plaintiff's employer.

3.      CMT Williams, LLC ("CMT") is a Missouri limited liability company in good standing with its principal place of business located at 10140 Pinehurst, St. Louis, Missouri 63114.

4.      CMT acquired the assets of ASI in April 2016 ("Asset Sale") and has approximately 20 employees.  CMT is owned by Charray Williams ("Williams").  Upon the Asset Sale, CMT became Plaintiff's employer.

5.      Prior to the Asset Sale, Williams was employed by ASI and had regular interaction with Claimant.

6.      Venue is proper in this court pursuant to 28 U.S.C. §1391 because the events that gave rise to the Complaint occurred in this district.

7.      At all times material to this action, ASI was an employer within the meaning of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 630 and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111.

8.      At all times material to this action, CMT was an employer within the meaning of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 630 and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111.

9.      On or about May 16, 2016, Plaintiff timely filed a Charge of Discrimination ('Charge") with the Equal Employment Opportunity Commission ("EEOC").  A copy of the Charge is attached hereto and incorporated herein as Exhibit A.

10.     On or about May 22, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue ("Notice"), and he has initiated this action within 90 days of receipt thereof.  A copy of the Notice is attached hereto and incorporated herein as Exhibit B.

## GENERAL ALLEGATIONS

11.     Between 1978 and the date of his termination on April 2, 2016, Plaintiff was employed by ASI as a Vice President, and provided food safety auditing services to food processors, non-food processors, packagers, distributors, retail store and kitchens, among other businesses.

12.     Plaintiff received health, disability and other benefits through his employment with ASI.

13.     Plaintiff's source of income was from his salary he received through his employment with ASI.

14.     For years, Plaintiff successfully completed all tasks assigned to him and never received any complaints from his superiors or customers regarding the quality of his work.

15.     Plaintiff never received any write-ups or reprimands, nor were there every any disciplinary actions taken against Claimant while he was employed with ASI.

16.     Plaintiff has been diagnosed with a severe speech impediment

17.     As a result of Plaintiff's chronic health condition, Plaintiff has a disability as defined within the ADA, 42 U.S.C. § 12102.

18.     Plaintiff's disability substantially limits one or more of his major life activities, including but not limited to his ability to speak.  Plaintiff has a disability covered under federal law because he has a record of having a physical impairment

that substantially limits one or more of his major life activities and/or ASI and CMT regarded Plaintiff as having an impairment which substantially limits one or more of his major life activities, including but not limited to his ability to speak.

19.     ASI and CMT were aware of Plaintiff's disability.

20.     Immediately after the Asset Sale, Plaintiff was terminated, without cause, from ASI.

21.     Immediately after the Asset Sale, Plaintiff was terminated, without cause, from CMT.

22.     At the time of his termination, Plaintiff met all of ASI and CMT's reasonable expectations.  Plaintiff never received any write-ups or reprimands, nor were there any disciplinary actions taken against Plaintiff while he was employed with ASI or CMT.

23.     Plaintiff's work assignments, files and clients have been assigned to other individuals with no known disabilities.

24.     At the time of Plaintiff's termination, he was 60 years old.

25.     Upon information and belief, Plaintiff was replaced with an individual who is substantially younger.

### COUNT I-UNLAWFUL DISCRIMINATION BASED ON DISABILITY-§ 42 U.S.C.12101, ET SEQ. AGAINST ASI

26.     Plaintiff hereby incorporates by reference paragraphs 1-25 as if fully set forth herein.

27.     As a result of Plaintiff's chronic and degenerative health condition, Plaintiff is disabled as defined under the ADA, 42 U.S.C. § 12102.

28.     ASI had knowledge, and regarded and/or perceived, that Plaintiff had a disability as defined under the ADA, 42 U.S.C. § 12102.

29.     ASI terminated Plaintiff from his employment about April 2, 2016.

30.     Plaintiff's disability was a contributing factor in ASI's decision to terminate Plaintiff.

31.     ASI has unlawfully discriminated against Plaintiff because of his disability in violation of the ADA, 42 U.S.C. §12112.

32.     As a result of ASI's conduct, Plaintiff has suffered damages including lost wages, compensation and benefits.

33.     As a result of ASI's conduct, Plaintiff has suffered serious emotional pain, suffering, humiliation, mental anguish and loss of enjoyment of life.

34.     ASI's conduct was outrageous and committed with reckless disregard as to the rights and interests of Plaintiff.

35.     As a further result of the unlawful acts, as aforesaid, Plaintiff incurred and will continue to incur attorney's fees, costs and expenses.

WHEREFORE, Plaintiff, Gary Huge, respectfully requests that this Court enter its judgment and order in favor of Plaintiff and against Defendant ASI Food Safety Consultants, Inc. in an amount to be proven at trial, for punitive damages sufficient to punish the Defendant and to deter others from such conduct, for his attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II-UNLAWFUL DISCRIMINATION
## BASED ON AGE-29 U.S.C.§621, ET SEQ. AGAINST ASI

36.     Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-25 as if fully set forth herein.

37.     Plaintiff's age was the reason for the above referenced unlawful conduct taken by ASI.

38.     Defendant, by its actions, including but not limited to those described above, have discriminated against Plaintiff on the basis of his age, in violation of the ADEA.

39.     As a result of ASI's conduct, Plaintiff has suffered damages including lost wages, compensation and benefits.

40.     As a result of ASI's conduct, Plaintiff has suffered serious emotional pain, suffering, humiliation, mental anguish and loss of enjoyment of life.

41.     ASI's conduct was outrageous and committed with reckless disregard as to the rights and interests of Plaintiff.

42.     As a further result of the unlawful acts, as aforesaid, Plaintiff incurred and will continue to incur attorney's fees, costs and expenses.

WHEREFORE, Plaintiff, Gary Huge, respectfully requests that this Court enter its judgment and order in favor of Plaintiff and against Defendant ASI Food Safety Consultants, Inc. in an amount to be proven at trial, for punitive damages sufficient to punish the Defendant and to deter others from such conduct, for his attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III-UNLAWFUL DISCRIMINATION BASED ON
## DISABILITY-§ 42 U.S.C.12101, ET SEQ. AGAINST CMT

43.     Plaintiff hereby incorporates by reference paragraphs 1-25 as if fully set forth herein.

44.     As a result of Plaintiff's chronic and degenerative health condition, Plaintiff is disabled as defined under the ADA, 42 U.S.C. § 12102.

45.     CMT had knowledge, and regarded and/or perceived, that Plaintiff had a disability as defined under the ADA, 42 U.S.C. § 12102.

46.     CMT terminated Plaintiff from his employment on or about April 2, 2016.

47.     Plaintiff's disability was a contributing factor in CMT's decision to terminate Plaintiff.

48.     CMT has unlawfully discriminated against Plaintiff because of his disability in violation of the ADA, 42 U.S.C. §12112.

49.     As a result of CMT's conduct, Plaintiff has suffered damages including lost wages, compensation and benefits.

50.     As a result of CMT's conduct, Plaintiff has suffered serious emotional pain, suffering, humiliation, mental anguish and loss of enjoyment of life.

51.     CMT's conduct was outrageous and committed with reckless disregard as to the rights and interests of Plaintiff.

52.     As a further result of the unlawful acts, as aforesaid, Plaintiff incurred and will continue to incur attorney's fees, costs and expenses.

WHEREFORE, Plaintiff, Gary Huge, respectfully requests that this Court enter its judgment and order in favor of Plaintiff and against Defendant CMT Williams, LLC in an

amount to be proven at trial, for punitive damages sufficient to punish the Defendant and to deter others from such conduct, for his attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

### COUNT IV-UNLAWFUL DISCRIMINATION BASED ON AGE-29 U.S.C.§621, ET SEQ. AGAINST CMT

53.    Plaintiff incorporates herein by reference each and every allegation set forth in Paragraphs 1-25 as if fully set forth herein.

54.    Plaintiff's age was the reason for the above referenced unlawful conduct taken by CMT.

55.    Defendant, by its actions, including but not limited to those described above, have discriminated against Plaintiff on the basis of his age, in violation of the ADEA.

56.    As a result of CMT's conduct, Plaintiff has suffered damages including lost wages, compensation and benefits.

57.    As a result of CMT's conduct, Plaintiff has suffered serious emotional pain, suffering, humiliation, mental anguish and loss of enjoyment of life.

58.    CMT's conduct was outrageous and committed with reckless disregard as to the rights and interests of Plaintiff.

59.    As a further result of the unlawful acts, as aforesaid, Plaintiff incurred and will continue to incur attorney's fees, costs and expenses.

WHEREFORE, Plaintiff, Gary Huge, respectfully requests that this Court enter its judgment and order in favor of Plaintiff and against Defendant CMT Williams, LLC in an amount to be proven at trial, for punitive damages sufficient to punish the Defendant

and to deter others from such conduct, for his attorney's fees and costs incurred herein,

and for such other and further relief as this Court deems just and proper.


WITZEL, KANZLER & DIMMITT, LLC


By: Jay L. Kanzler, Jr.
    Jay L. Kanzler Jr. #41298
    2001 S. Big Bend Blvd.
    St. Louis, MO 63117
    314-645-5367
    314-645-5387(fax)
    jaykanzler@wkllc.com